**Eric G. Bjotvedt, Esq.**
3507 N. Central Avenue, Suite 407
Phoenix, Arizona  85012
tel: 602.809.4449
fax: 623.321.1755
e-mail address: eric@visitmylawyer.com
State Bar No. 019679
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| DAMARIS ESMERALDA JUAREZ   Plaintiff,  v.  MICHAEL MUKASEY, Attorney General of the United States, MICHAEL CHERTOFF, Secretary of Department of Homeland Security, ROBERT OKIN, District Director   Defendants. | Case No:  Agency Case No: A70 711 406  COMPLAINT FOR A WRIT IN THE NATURE OF MANDAMUS |

**VERIFIED COMPLAINT FOR A WRIT IN THE NATURE OF MANDAMUS**

**INTRODUCTION**

1. Plaintiff, Damaris Esmeralda Juarez (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby asks this Court to issue a Writ of Mandamus to review the unreasonable delay in the adjudication process in connection with her I-485, Application for Adjustment of Status filed on June 30, 1997.  Plaintiff alleges that the processing of her application has been unjustifiably and unreasonably delayed for more than ten years without explanation by the Department of Homeland Security (DHS).  Specifically, Plaintiff alleges the DHS has placed her case on hold indefinitely for no reason.  In addition, Plaintiff alleges that the DHS has taken an unreasonable amount of time to complete the processing of her application.  In support of this complaint, Plaintiff alleges as follows:

**JURISDICTION**

2.    This court has subject matter over this action under 28 U.S.C. §1331 because Plaintiff's complaint arises under the Immigration and Nationality Act. This court may grant relief in this action under 28 U.S.C. §1361 (Mandamus Act); 28 U.S.C. § 1651 (All Writs Act), and under 5 U.S.C. §701 (Administrative Procedures Act).

3.    There are no regulatory administrative remedies available to Plaintiff to redress the grievance described herein. This action only challenges Defendants' conduct, application of the law, timeliness in adjudications, procedural policies and related practices which are causing the unexplained, unjustified, and unreasonable delay in the scheduling of Plaintiff's interview. Therefore, the jurisdictional limitations of 8 U.S.C. §1252 do not apply.

**VENUE**

4.    Pursuant to 28 U.S.C. §1391(e), venue is proper in this court because Plaintiff resides in Phoenix, Arizona and because a substantial part of the events or omissions giving rise to the claims complained of herein occurred in Phoenix, Arizona.

**PARTIES**

5.    Plaintiff is an applicant for adjustment of status as a lawful permanent resident status of the United States and her application remains pending for more than ten years with DHS since June 30, 1997. The DHS refuses to adjudicate her application although she is eligible to adjust status immediately. DHS fails to indicate why her application remains pending.

6.    Defendants MICHAEL MUKASEY, Attorney General of the United States, MICHAEL CHERTOFF, Secretary of Department of Homeland Security, and ROBERT OKIN, District Director are all employees of the US government and are charged with administering the USCIS and the implementing and enforcing of the Immigration and Nationality Act. They have ultimate decision making authority over the matters alleged in this complaint. They are sued herein in their official capacity.

**EXHAUSTION**

7.    See heading above entitled "Jurisdiction."

**FACTS**

8. Upon information and belief, the following facts are presented:

9. On June 30, 2007, Plaintiff filed her Form I-485, Application for Adjustment of Status with Defendants and the application remains pending.

10. Numerous inquiries were made into the status of the application.

11. Defendants failed to provide an adequate and complete explanation and response to the inquiries leaving Plaintiff feeling insecure about her status and without knowledge of why there has been an unreasonable delay in the processing of her application.

12. Plaintiff feels her immigration status is insecure and that she cannot stabilize her life.

13. Plaintiff is eligible to adjust status now.  She has no criminal records or convictions and a visa is immediately available to her.  She is able to complete the process, but for unexplained and unjustified delays in the processing of her application.

14. Congress has expressed that a reasonable time to adjudicate such applications is six months and the defendants have clearly exceeded the bounds of reasonableness in the time to render a decision in this case.

15. Defendants are taking no action on Plaintiff's case in spite of the fact that the case has passed Defendant's time guidelines for this type of application.

16. Plaintiff has exhausted her administrative remedies.

17. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law.

18. The Defendants, in violation of the Administrative Procedures Act, 5 USC § 701 et seq., are unlawfully withholding or unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to his case.

**RELEVANT LAW AND PROCEDURES**

**Timeliness Requirements and Consequences**

19. Section 202 (8 U.S.C. § 1571) of Title II of the American Competitiveness in the Twenty-first Century Act of 2000 (AC21) clearly lays down the parameters of reasonableness in

immigration adjudications, stating: "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application."

20. Section 204 of AC21 (8 U.S.C. § 1573) mandates that the Attorney General shall take such measures as may be necessary to...reduce the backlog in the processing of immigration benefit applications, with the objective of the total elimination of the backlog not later than one year after the date of enactment of this Act." That section also mandates that future backlogs must be prevented.

21. Defendants are also required by 5 U.S.C. §555 "within a reasonable time...to conclude a matter presented..."

22. Administrative delays may be unavoidable but extensive or repeated delays are unacceptable and will not justify the pace of action. *United Steelworkers of America v. Rubber Mfrs. Ass'n.*, 783 F. 2d 1117, 1119 (D.C. Cir. 1986), *Public Citizen Health Research Group v. FDA*, 724 F. Supp. 1013, 1019 (D.D.C. 1989), *Muwekma Tribe v. Babbitt*, 133 F. Supp. 2d 30, 36 (D.D.C. 2000). Courts have found that "the adjudication must occur within a reasonable time" and that "[a] contrary position would permit the INS to delay indefinitely." *Paunescu v. INS*, 76 F.Supp. 2d 896 (N.D. Ill. 1999);

23. If Plaintiff receives her status, her future immigration options and plans will not be on hold any longer. The unreasonable and unjustified delay in her application unreasonably and unjustifiably delays everything for Plaintiff who could have been a US citizen by now.

**INJURY TO PLAINTIFF**

24. Defendants have administered the immigration laws by ad-hoc memorandum and unwritten policy rather than by regulation leaving a feeling of insecurity and uncertainty on the plaintiff while also frustrating the will of Congress.

25. Plaintiff is unable to stabilize her life in the United States because she feels insecure and anxious. She has lost a life of normalcy because of her efforts to learn the status of her case.

26. Because Defendants have implemented unfair and illegal procedures, Plaintiff is left feeling insecure and has spent a lot of money and time on attorney efforts and her own efforts to learn his citizenship fate.

**GROUNDS FOR RELIEF**

27. Defendants have failed to justify the unreasonable delay in the adjudication of Plaintiff's I-485 application.

28. Defendants' duty to process the application and adjudicate it within a reasonable amount of time is a nondiscretionary duty mandated by federal law and judicial precedent.

29. Defendants' conduct in unjustifiably and unreasonably delaying the application has caused unnecessary injury to Plaintiff.

30. Plaintiff has exhausted all administrative remedies available and has determined that no adequate remedy exists.

### Mandamus Action

31. Plaintiff incorporates by reference all submissions made above.

32. Defendants are charged with the mandatory responsibility of administering and implementing the Immigration and Nationality Act.

33. Defendants bear sole responsibility for timely adjudications of I-485 applications and for orderly attendant procedures.

34. Defendants have failed to discharge their mandated duties.

35. As a result, Plaintiff has suffered and continues to suffer irreparable harm and damage entitling her to relief.

36. Plaintiff has exhausted all possible administrative remedies and no other remedy exists except by this action.

### Violation of Immigration and Nationality Act

37. Plaintiff incorporates by reference all submissions made above.

38. Defendant's policies, practices and customs violate INA including Section 204 AC21 (8 U.S.C. Section 1573).

39. Defendants have failed to discharge their mandated duties.

40. As a result, Plaintiff has suffered and continues to suffer irreparable harm and damage entitling them to relief.

### Administrative Procedures Act

41. Plaintiff incorporates by reference all submissions made above.

42. By failing to timely process to completion Plaintiff's case, Defendants' practices and procedures violate the Administrative Procedures Act and constitute agency action that is arbitrary and capricious and not in accordance with law. 5 U.S.C. Section 701 et seq., 702, 706 ("...agency action unlawfully withheld or unreasonably delayed" under Section 706(1)) and 5 U.S.C. 555..

43. Defendants have failed to discharge their mandated duties.

44. As a result, Plaintiff has suffered and continues to suffer irreparable harm and damage entitling her to relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief.
A. That the Defendant to ordered to have his agents process his case to a conclusion.
B. For such other and further relief as to this Court may seem proper.

RESPECTFULLY SUBMITTED this December 22, 2007

/s/ *Eric Bjotvedt*
_____
Eric G. Bjotvedt
Attorney for Petitioner

**VERIFICATION**

Eric Bjotvedt, under penalty of perjury, states the following:

1. That he is the attorney for Plaintiff in the foregoing complaint.
2. That he affirms the truth of the contents thereof upon information and belief, and he believes same to be true, and he further states that the sources of his information and belief are documents provided to him by Plaintiff and personal knowledge.


/s/ *Eric Bjotvedt*
_____
Eric G. Bjotvedt
Attorney for Petitioner